IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZ4MEDIA, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO. 08 cv 3729 |
| LOGITECH INTERNATIONAL S.A., LOGITECH, INC., NETGEAR, INC., D-LINK CORPORATION, and D-LINK SYSTEMS, INC., | § § § § § § | Honorable Amy J. St. Eve United States District Judge |
| | § § | Jury Trial Demanded |
| Defendants. | § § § § | |

## DEFENDANT AND COUNTERCLAIMANT D-LINK SYSTEMS, INC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF EZ4MEDIA, INC'S COMPLAINT

Defendant D-LINK SYSTEMS, INC. ("D-Link Systems") for itself alone and for no other defendant, responds to the Complaint of Plaintiff EZ4MEDIA, INC. ("EZ4Media") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  D-Link Systems admits that this is a patent infringement action. D-Link Systems denies the remaining allegations of paragraph 1 of the Complaint.

2.  D-Link Systems admits on information and belief that EZ4Media is a corporation with its principal place of business located at 2275 Half Day Road, Suite 350, Bannockburn, Illinois. D-Link Systems is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 2 of the Complaint, and on that basis, denies each and every remaining allegation.

3. In response to paragraph 3 of the Complaint, D-Link Systems admits that U.S. Patent Nos. 7,142,934 ("the '934 patent"), 7,142,935 ("the '935 patent"), 7,167,765 ("the '765 patent"), 7,130,616 ("the '616 patent"), and 7,107,605 ("the '605 patent") (the '934, '935, '765, '616 and '605 patents are referred to herein collectively as the "patents-in-suit"), purport to have issued on the dates alleged. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4. In response to paragraph 4 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

5. In response to paragraph 5 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

7. In response to paragraph 7 [sic] of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

8. In response to paragraph 8 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

9. In response to paragraph 9 of the Complaint, D-Link Systems admits on information and belief that Defendant D-Link Corporation is a corporation organized under the

laws of the Republic of China, often referred to as "Taiwan". D-Link Systems also admits on information and belief that Defendant D-Link Corporation has an office at 4F, No. 289, Sinhu 3rd Rd. Neihu District, Taipei City 114, Taiwan. D-Link Systems admits that it is a subsidiary of D-Link Corporation. D-Link Systems further admits that it is located at 17595 Mount Herrmann, Fountain Valley, California 92708. D-Link Systems objects to and rejects being referred to "collectively" along with D-Link Corporation as "D-Link" and D-Link Systems, a corporation organized under the laws of the State of California, denies any implication in paragraph 9 that it is not a separate and distinct legal entity in its own right. D-Link Systems herein answers only for itself and for no other entity. D-Link Systems admits that it, D-Link Systems, sells electronic products throughout the United States, including in the Northern District of Illinois. D-Link Systems specifically denies the allegation in paragraph 9 that it has sold products that are covered by the claims of the patents-in-suit. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 9 of the Complaint, and therefore denies them.

    10.    D-Link Systems admits the allegations of paragraph 10 of the Complaint.

## **PATENT INFRINGEMENT**

    11.    In response to paragraph 11 of the Complaint, D-Link Systems denies the allegations set forth therein.

    12.    In response to paragraph 12 of the Complaint, D-Link Systems denies the allegations set forth therein.

    13.    In response to paragraph 13 of the Complaint, D-Link Systems denies the allegations set forth therein.

    14.    In response to paragraph 14 of the Complaint, D-Link Systems denies the

allegations set forth therein.

15. In response to paragraph 15 of the Complaint, D-Link Systems denies the allegations set forth therein.

16. In response to paragraph 16 of the Complaint, D-Link Systems denies the allegations set forth therein.

17. In response to paragraph 17 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

18. In response to paragraph 18 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

19. In response to paragraph 19 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

20. In response to paragraph 20 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

21. In response to paragraph 21 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

22. In response to paragraph 22 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses, D-Link Systems asserts as follows:

**I.      FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**II.     SECOND AFFIRMATIVE DEFENSE**

D-Link Systems does not infringe, nor has it infringed, contributorily infringed or induced infringement any of the patents-in-suit, either by literal infringement or by infringement under the doctrine of equivalents.

**III.    THIRD AFFIRMATIVE DEFENSE**

The asserted patents-in-suit and all claims under the patents-in-suit are invalid and/or unenforceable for failing to meet the requisite conditions for patentability or enforceability specified in Title 35 of the United States Code, §§ 101 *et seq.*, including without limitation 35 USC §§ 101, 102, 103 and 112.

**IV.     FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief against D-Link Systems by the doctrines of estoppel, laches, waiver, unclean hands, and/or other applicable equitable doctrines or defenses.

**V.      FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, under any applicable statutes of limitations or other limitations on damages, including without limitation any acts which occurred more than six years before the filing of Plaintiff's complaint under 35 U.S.C. § 286.

VI.　　　**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred or limited by the on-sale doctrine and/or patent exhaustion.

VII.　　　**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mark or to meet the requirements of 35 USC § 287.

VIII.　　　**EIGHTHTH AFFIRMATIVE DEFENSE**

Plaintiff's enforcement of the asserted patent constitutes patent misuse.

IX.　　　**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the reverse doctrine of equivalents.

X.　　　**TENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the asserted patents.

D-Link Systems reserves its rights to amend its Answer based on subsequently acquired information.

## **PRAYER FOR RELIEF**

WHEREFORE, D-Link Systems requests that this Court enter a judgment in its favor and against EZ4Media as follows:

A.　Dismissing Plaintiff EZ4Media's Complaint with prejudice in its entirety and denying all relief requested therein;

B.　Entering judgment in favor of D-Link Systems and adjudging that EZ4Media take nothing;

C.　Declaring that this case is exceptional and awarding D-Link Systems its costs, expenses and reasonable attorney's fees; and

D.　Granting such further relief to D-Link Systems as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant D-Link Systems hereby requests trial by jury.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant D-Link Systems, for its Counterclaim to the Complaint of Plaintiff EZ4Media, alleges as follows:

### PARTIES

1. D-Link Systems is a California corporation with its principal place of business in California.

2. D-Link Systems is informed and believes and thereon alleges that EZ4Media is a corporation with its principal place of business located at 2275 Half Day Road, Suite 350, Bannockburn, Illinois.

### JURISDICTION

3. D-Link Systems' counterclaims arise under the patent laws of the United States, Title 35 of the United States Patent Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code. The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1367(a), 1338(a), 2201 and 2202.

### VENUE

4. Venue in this district is proper under the provisions of 28 U.S.C. Sections 1391(b) and 1400(b).

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the Patents-In-Suit)

5. D-Link Systems repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

6. EZ4Media has alleged that it is the owner of United States Patent Nos. 7,142,934 ("the '934 patent"), 7,142,935 ("the '935 patent"), 7,167,765 ("the '765 patent"), 7,130,616 ("the '616 patent"), and 7,107,605 ("the '605 patent") (the '934, '935, '765, '616 and '605 patents are referred to herein collectively as the "patents-in-suit") and that D-Link Systems has infringed and is infringing one or more claims of the patents-in-suit.

7. D-Link Systems has not infringed and is not now infringing, either directly, contributorily, or through inducement, any asserted claims of the patents-in-suit.

8. As a result of EZ4Media's actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the alleged infringement by D-Link Systems of any asserted claims of the patents-in-suit.

9. D-Link Systems is entitled to a declaration that it has not infringed and does not infringe any asserted claims of the patents-in-suit asserted by EZ4Media in this action.

WHEREFORE, D-Link Systems prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the Patents-In-Suit)

10. D-Link Systems repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

11. D-Link Systems is informed and believes and thereon alleges that any and all claims of the patents-in-suit asserted by EZ4Media in this action are invalid and unenforceable

because the alleged inventions claimed in the patents-in-suit fail to satisfy requirements of the patent statutes set forth in Title 35 of the United States Code, including Sections 101, 102, 103 and/or 112.

12. As a result of EZ4Media's actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the validity of the asserted claims of the patents-in-suit.

13. D-Link Systems is entitled to a declaration that any and all claims of the patents-in-suit asserted by EZ4Media in this action are invalid.

WHEREFORE, D-Link Systems prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, D-Link Systems requests that this Court enter a judgment in its favor and against EZ4Media as follows:

A. Dismissing Plaintiff EZ4Media's Complaint with prejudice in its entirety and denying all relief requested therein;

B. Entering judgment in favor of D-Link Systems and adjudging that EZ4Media take nothing;

C. Declaring that D-Link Systems has not infringed and does not infringe, either directly, indirectly, contributorily, or through inducement, any of the claims of the patents-in-suit asserted by EZ4Media in this action.

D. Declaring that the patents-in-suit are invalid, void and/or unenforceable;

E. Declaring that this case is exceptional and awarding D-Link Systems its costs, expenses and reasonable attorney's fees; and

F.  Granting such further relief to D-Link Systems as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counter-claimant D-Link Systems hereby requests trial by jury.

Dated:  July 28, 2008                          Respectfully submitted,

By:  s/s/ James T. Hultquist
     James T. Hultquist (SBN 6204320)
     *jhultquist@reedsmith.com*
     REED SMITH LLP
     10 South Wacker Drive
     Chicago, IL  60606-7507
     Telephone:  +1 312 207 1000
     Facsimile:   +1 312 207 6400


*Counsel for D-Link Systems, Inc.*