IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZ4MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-CV-3729 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | Magistrate Judge Brown |
| LOGITECH INTERNATIONAL S.A., | ) | |
| LOGITECH, INC., NETGEAR INC., | ) | JURY TRIAL DEMANDED |
| D-LINK CORPORATION, and | ) | |
| D-LINK SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LOGITECH INTERNATIONAL S.A. AND LOGITECH INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF EZ4MEDIA, INC.'S COMPLAINT**

Defendants Logitech International S.A. and Logitech Inc. (collectively referred to herein as "Logitech"), by and through their attorneys, McDermott Will & Emery LLP, hereby respond to the Complaint of Plaintiff EZ4Media, Inc. ("EZ4Media") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

**ANSWER:** Logitech admits that this is a patent infringement action and that jurisdiction is proper under 28 U.S.C. § 1338(a).

2.  EZ4Media Inc., ("EZ4Media") is corporation with its principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois. EZ4Media is in the business of designing, manufacturing, and selling devices for digital media, including those covered under the patents in this lawsuit.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

3.     EZ4Media owns and has all rights, title and interest in U.S. Patent No. 7,142,934 which issued on November 28, 2006 (the "'934 Patent"); U.S. Patent No. 7,142,935 which issued on November 28, 2006 (the "'935 Patent"); U.S. Patent No. 7,167,765 which issued on January 23, 2007 (the "'765 Patent"); U.S. Patent No. 7,130,616 which issued on October 31, 2006 ("'the '616 Patent"); and U.S. Patent No. 7,107,605 which issued on September 12, 2006 (the "'605 Patent").

**ANSWER**: Logitech admits that U.S. Patent Nos. 7,142,934 (the "'934 Patent"); U.S. Patent No. 7,142,935 (the "'935 Patent"); U.S. Patent No. 7,167,765 (the "'765 Patent"); U.S. Patent No. 7,130,616 (the "'616 Patent"); and U.S. Patent No. 7,107,605 (the "'605 Patent"), purport to have issued on the dates alleged. Logitech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the allegations.

4.     EZ4Media has standing to sue for infringement of the '934, '935, '765, '616, and '605 Patents.

**ANSWER**: Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

5.     EZ4Media has fully complied with the marking requirements of 35 U.S.C. § 287, including, without limitation, by placing the relevant patent numbers on its EZfetch digital media receiver.

**ANSWER**: Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

7.     Logitech International S.A. is a Switzerland Corporation with its principal place of business located at CH-1122 Romanel-Sur, Morgues Vaud, Switzerland, and Logitech, Inc., a subsidiary of Logitech International S.A., is located at 6505 Kaiser Dr., Fremont, CA 94555-3614 (hereinafter collectively referred to as "Logitech") Logitech sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765 and '616 Patents.

**ANSWER**: Logitech admits that Logitech International S.A. is a Switzerland corporation, and that Logitech Inc. is a subsidiary of Logitech International S.A. having a

principal place of business located at 6505 Kaiser Drive, Fremont, CA 94555-3614.  Logitech denies the remaining allegations contained in this paragraph.

8.     NETGEAR Inc. ("NETGEAR") is an international corporation with its principal place of business located at 4500 Great America Parkway, Santa Clara, California 95054.  NETGEAR sells electronic products throughout the United States, including within judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '616 Patents.

**ANSWER:**  Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

9.     D-Link Corporation is a Taiwanese Corporation with its principal place of business located at 4F, No. 289, Sinhu 3rd Road, Neihu District, Taipei, Taiwan, and D-Link Systems, Inc., a subsidiary of D-Link Corporation, is located at 17595 Mt. Herrmann, Fountain Valley, California 92708 (hereinafter collectively referred to as "D-Link").  D-Link sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, '616, and '605 Patents.

**ANSWER:**  Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

10.    Venue is proper in this district under 28 U.S.C. § 1400(b).

**ANSWER:**  Logitech admits that venue is proper in this district.

## PATENT INFRINGEMENT

11.    The '934, '935 and '765 Patents relate to a device, system and a method for streaming digital media, for example movies, music or pictures, from a server to a playback device, such as a television or a stereo.

**ANSWER:**  Logitech denies the allegations contained in paragraph 11.

12.    The '616 Patent relates to a method for automatically transferring audiovisual content from the Internet to a computer and causing a television, in wireless communication with the computer, to play the audiovisual content for viewing.

**ANSWER:**  Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

13. The '605 Patent relates to a method and system for streaming pictures from a server to a picture frame over a wireless network.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

14. D-Link has infringed the claims of the '934, '935, '765, '616 and '605 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to at least the following D-Link's products: DSM-120, DSM-210, DSM-320, DSM-330, DSM-510, DSM-520, DSM-750, DSM-320RD, DPG-1200, and DPG-2100 digital media receivers.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

15. D-Link's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

16. The infringement by D-Link has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

17. NETGEAR has infringed the claims of the '934, '935, '765 and '616 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to its EVA700 and EVA8000 digital media receivers.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

18. NETGEAR's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

19. The infringement by NETGEAR has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**ANSWER:** Logitech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

20. Logitech has infringed the claims of the '934, '935, '765, and '616 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others of at least its Squeezebox, Squeezebox Duet, Squeezebox Receiver, and Transporter Music Player.

**ANSWER:** Logitech denies each and every allegation in paragraph 20.

21. Logitech's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**ANSWER:** Logitech denies each and every allegation in paragraph 21.

22. The infringement by Logitech has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**ANSWER:** Logitech denies each and every allegation in paragraph 22.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Logitech asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from Plaintiff. Logitech's investigation of its defenses is continuing, and Logitech reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE
### (No Direct Infringement)

1. Logitech has not infringed and is not infringing any valid and enforceable claim of U.S. Patent Nos. 7,142,934, 7,142,935, 7,167,765 or 7,130,616 (collectively, the "EZ4Media patents").

### SECOND AFFIRMATIVE DEFENSE
### (No Contributory Infringement)

2. Logitech has not contributed to and is not contributing to the infringement of any valid and enforceable claim of any of the EZ4Media patents.

### THIRD AFFIRMATIVE DEFENSE
### (No Induced Infringement)

3. Logitech has not induced and is not inducing the infringement of any valid and enforceable claim of any of the EZ4Media patents.

### FOURTH AFFIRMATIVE DEFENSE
### (File Wrapper Estoppel)

4. Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the patents, as shown by their file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee(s), Plaintiff is estopped from claiming a construction of the EZ4Media patents that would cause any valid, enforceable claim thereof to cover or include any method or product manufactured, used, sold, or offered for sale by Logitech.

### FIFTH AFFIRMATIVE DEFENSE
### (Patent Invalidity)

5. Upon information and belief, the EZ4Media patents are invalid because they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

6. Upon information and belief, the Complaint, and each purported claim alleged therein, fail to state facts upon which relief can be granted against Logitech.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

7. Should Logitech be found to infringe any of the EZ4Media patents, such infringement was not willful.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver, Laches and Estoppel)

8. Plaintiff's claims are barred by the doctrines of waiver, laches and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (35 U.S. C. §287 – Damage Limitation)

9. Upon information and belief, to the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S. C. §287 to those damages occurring only after notice of infringement.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

10. Upon information and belief, EZ4Media lacks standing to sue for patent infringement of the EZ4Media patents.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

11. For the reasons stated in paragraphs 14-21 below, the '934, '935 and '765 patents are unenforceable due to EZ4Media's inequitable conduct in obtaining these patents.

## COUNTERCLAIMS

Logitech International S.A. and Logitech Inc. (collectively referred to herein as "Logitech") assert the following counterclaims against EZ4Media, Inc. ("EZ4Media"):

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement, unenforceability and invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## THE PARTIES

2. Logitech International S.A. is a corporation organized and existing under the laws of Switzerland, with a principal place of business located at Moulin du Choc D, 1122 Romanel-sur-Morges, Switzerland. Logitech Inc. is a subsidiary of Logitech International S.A., and is a corporation organized under the laws of California, with a principal place of business located at 6505 Kaiser Drive, Fremont, CA 94555.

3. Upon information and belief EZ4Media is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois.

4. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE EZ4MEDIA PATENTS

6. The allegations of paragraphs 1-5 of this Counterclaim are incorporated by reference as though set forth in full herein.

7. On June 30, 2008, EZ4Media filed its Original Complaint ("Complaint") in this Court, charging Logitech with infringement of U.S. Patent Nos. 7,142,934, 7,142,935, 7,167,765 and 7,130,616 (collectively, the "EZ4Media patents").

8. The charges of infringement in the Complaint have created an actual and justiciable controversy between Logitech and EZ4Media concerning whether Logitech infringes any valid and enforceable claim of any of the EZ4Media patents.

9. Logitech does not infringe any of the EZ4Media patents.

10. Accordingly, Logitech is entitled to a declaratory judgment that it does not infringe the EZ4Media patents.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## OF THE EZ4MEDIA PATENTS

11. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-10 as though fully set forth herein.

12. One or more claims of the EZ4Media patents are invalid because they fail to meet the patentability requirements of Title 35, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Accordingly, Logitech is entitled to a declaratory judgment that the asserted claims of the EZ4Media patents are invalid.

## COUNT III
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NOS. 7,142,934, 7,142,935 and 7,167,765 DUE TO INEQUITABLE CONDUCT DURING PROSECUTION

14. Plaintiff repeats and realleges the allegations of paragraphs 1 through 13 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

15. Upon information and belief, the claims of the '934, '935 and '765 patents are unenforceable due to inequitable conduct in the procurement of those patents from the United States Patent and Trademark Office ("PTO"). Upon information and belief, one or more persons substantively involved in the prosecution of the applications leading to the '934, '935 and '765 patents were aware of information material to patentability of the claims of the '934, '935 and '765 patents, but withheld or failed to submit such information in accordance with 37 C.F.R. §§ 1.97 and 1.98 with an intent to deceive the PTO in violation of the duty of disclosure set forth in 37 C.F.R. §1.56.

16. The withheld information includes International Patent Application No. PCT/US00/29502, which was published as International Publication No. WO 01/47192 ( "the '192 WIPO Publication") and is entitled "A Dedicated Digital-to-Analog Network Audio Bridging Method and System." The '192 WIPO Publication was published on June 28, 2001, and constitutes information material to the patentability of the claims of the '934, '935 and '765 patents. Attorney Michael Mallie is listed as the Agent on the face of the '192 WIPO Publication.

17. During the prosecution of the application leading to the '934 patent, one or more of the persons substantively involved in its prosecution (including Mr. Mallie) were aware of the '192 WIPO Publication. Mr. Mallie was substantively involved in the prosecution of the application that resulted in the '934 patent, including signing and submitting an Information Disclosure Statement (dated December 20, 2002) and a response to an office action (dated June 21, 2005). Nonetheless, those substantively involved in the prosecution of the application leading to the '934 patent, including Mr. Mallie, intentionally failed to disclose the '192 WIPO Publication to the PTO during the prosecution of the '934 patent with an intent to deceive the

PTO. This withholding of information material to patentability with an intent to deceive the PTO is in violation of the uncompromising duty of candor under 37 C.F.R. § 1.56 and constitutes inequitable conduct.

18.  Procurement of the '934 patent by inequitable conduct also renders the '935 and '765 patents unenforceable. The applications leading to the '935 and '765 patents are related substantively and by claim of priority to the application that resulted in the '934 patent. Specifically, the '935 and '765 patents issued from continuation applications, claiming priority from the application that led to the '934 patent. Further, the '934, '935 and '765 patents all claim priority from provisional patent application no. 60/230,253. During prosecution of the applications leading to the '935 and '765 patents, the PTO issued an obviousness-type double patenting rejection based on the application that led to the '934 patent, finding "although the conflicting claims are not identical, they are not patentably distinct from each other . . . ." Accordingly, the inequitable conduct committed during prosecution of the application leading to the '934 patent renders the related '935 and '765 patents unenforceable.

19.  Further, during prosecution of the applications leading to the '934, '935 and '765 patents, one or more persons substantively involved in their prosecution (including Mr. Mallie and the inventor Mr. Janik) became aware of certain material prior art that was cited in a foreign counterpart patent application to the '934 patent, International Application No. PCT/US01/42020 ("the '020 International Application"). The '020 International Application identifies Mr. Janik as the inventor and lists Mr. Mallie as the Agent. A Search Report in the '020 International Application was mailed to the Applicant on November 25, 2002, and listed the following references: WO 99 18506, WO 00 49731, EP 0 992 921, EP 0 909 112, WO 00 23899 and WO 01 31806. The Search Report categorized WO 99 18506, WO 00 23899 and

WO 01 31806 as "X" references (i.e., "document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone") and categorized WO 00 49731, EP 0 992 921 and EP 0 909 112 as "Y" references (i.e., "document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.").

20.     Upon information and belief, during prosecution of the application leading to the '934 patent, Mr. Mallie submitted an Information Disclosure Statement and copies of the references identified cited in paragraph 19 to the PTO.  Upon information and belief, the PTO did not consider the material prior art identified in paragraph 19 during the prosecution of the application leading to the '934 patent.  Further confirmation that the PTO did not consider the material information identified in paragraph 19 is the fact that the prosecution history of the '934 patent does not contain any Examiner acknowledgement of the references identified in paragraph 19, nor does the issued '934 patent identify the material prior art under the heading "References Cited" on the face of the '934 patent.  Upon information and belief, by failing to properly disclose this material prior art during the prosecution of the '934 patent, one or more of the persons substantively involved in the prosecution of the '934 patent, including Mr. Mallie, failed to fulfill their uncompromising duty of candor and good faith under 37 C.F.R. §1.56.  As a result, the '934 patent is unenforceable.

21.     Notwithstanding the fact that the material prior art identified in paragraph 19 was not considered by the PTO during prosecution of the '934 patent, one or more persons that were aware of this material prior art and were substantively involved in the prosecution of the applications leading to the '935 and '765 patents (including at least Mr. Janik) intentionally

failed to disclose this material information at any time during the prosecution of the '935 and '765 patents with an intent to deceive the PTO.  This withholding of information material to the patentability with an intent to deceive the PTO constitutes inequitable conduct and renders the '935 and '765 patents unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaim Plaintiffs Logitech International S.A. and Logitech Inc. pray that this Court:

    A.    Declare that the EZ4Media patents have not been infringed by Logitech;

    B.    Declare that the EZ4Media patents are invalid and/or unenforceable;

    C.    Declare that this case is exceptional under 35 U.S.C. §285 and that Logitech be awarded its costs, expenses and attorneys' fees incurred herein; and

    D.    Award Logitech such other and further relief to which it is entitled, in law or equity, as this Court deems just and proper.

- 14 -

## JURY DEMAND

Defendant and Counter-claimant Logitech demands a trial by jury on all issues presented herein.

Respectfully submitted,

LOGITECH INTERNATIONAL S.A. and LOGITECH INC.

Dated: August 20, 2008

By:   /s/ Margaret M. Duncan
       One of Their Attorneys

Margaret M. Duncan
Jeffrey R. Gargano
Krista Vink Venegas
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
312.372.2000

Terrence P. McMahon
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, California 94304
650.813.5000

Attorneys for Defendants and Counter-claimants
Logitech International S.A. and
Logitech Inc.

## CERTIFICATE OF SERVICE

      I, Margaret M. Duncan, do hereby certify that on this 20th day of August, 2008, I served a copy of **DEFENDANTS LOGITECH INTERNATIONAL S.A. AND LOGITECH INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF EZ4MEDIA, INC.'S COMPLAINT** via ECF notice upon:

> Raymond P. Niro
> Christopher J. Lee
> David J. Sheikh
> Richard B. Megley, Jr.
> Lee F. Grossman
> Niro, Scavone, Haller & Niro
> 181 West Madison Street, Suite 4600
> Chicago, Illinois 60602

                                              /s/  Margaret M. Duncan
                                              Margaret M. Duncan

CHI99 5010407-1.060944.0049