IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZ4MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08 cv 3729 |
| LOGITECH INTERNATIONAL S.A., | ) | |
| LOGITECH, INC., NETGEAR, INC., D- | ) | JUDGE ST. EVE |
| LINK CORPORATION, and D-LINK | ) | |
| SYSTEMS, INC., | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's Orders dated July 3 and 22, 2008, the parties who have appeared in this action submit the following initial status report. The parties also wish to inform the Court that Plaintiff EZ4Media has filed a companion case styled EZ4Media, Inc. v. Samsung et. al., Case No. 08CV3732, which is assigned to Judge Andersen. The Samsung matter involves 4 of the 5 patents asserted in the instant case.

I.   **THE NATURE OF THE CASE.**

   A.   **Attorneys Of Record For Each Party.**

   **Counsel for Plaintiff, EZ4Media:**

   Raymond P. Niro (lead trial attorney)
   Dean D. Niro
   Christopher J. Lee
   David J. Sheikh

Richard J. Megley, Jr.
Lee F. Grossman
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602

**Counsel for Defendants, Logitech International, S.A. and Logitech, Inc.**

Terrence P. McMahon (lead trial attorney) (*pro hac vice* application to be filed shortly)
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, California 94304

Margaret M. Duncan
Jeffrey R. Gargano
Krista Vink Venegas
McDermott, Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096

**Counsel for Defendants, NETGEAR, Inc., and D-Link Systems, Inc.**

James Terrence Hultquist (lead trial attorney)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606

John P. Bovich (*pro hac vice* application to be filed shortly)
Reed Smith LLP
Suite 2000
Two Embarcadero Center
San Francisco, CA 94111

B.  **Basis For Federal Jurisdiction.**

This is a patent infringement lawsuit under 35 U.S.C. § 271. This Court has exclusive jurisdiction over the subject matter under 28 U.S.C. § 1338(a).

### C. The Nature Of Claims Asserted In Complaint And Any Counterclaims.

Plaintiff claims ownership of 5 patents allegedly relating to the storage and playback of digital media. The patents are U.S. Patent No. 7,142,934 (the "'934 Patent"); U.S. Patent No. 7,142, 935 (the "'935 Patent"); U.S. Patent No. 7,167, 765 (the "'765 Patent"); U.S. Patent No. 7,130,616 (the "'616 Patent"); and U.S. Patent No. 7,107,605 (the "'605 Patent") (collectively the "Patents-in-Suit"). Plaintiff alleges that the defendants have directly infringed and actively induced and contributed to infringement of the Patents-in-Suit. Plaintiff asserts all of the Patents-in-Suit against defendants D-Link Systems and D-Link Corporation. Plaintiff asserts the '934 Patent, the '935 Patent, the '765 Patent and the '616 Patent against defendants NETGEAR Inc., and Logitech International S.A., and Logitech, Inc. ("The Logitech Defendants").

To date, D-Link Systems has answered the complaint and asserted a counterclaim requesting a declaratory judgment of invalidity and non-infringement of the Patents-in-Suit. D-Link Corporation has not been served. Plaintiff and D-Link Systems are attempting to negotiate an agreement whereby Plaintiff dismisses D-Link Corporation from the case as D-Link Systems has offered to respond to any judgment involving the accused products sold by both companies in the United States. It is unclear whether Plaintiff intends to serve D-Link Corporation.

The Logitech Defendants and NETGEAR have also answered the complaint and asserted counterclaims requesting a declaratory judgment of invalidity, and non-infringement of the Patents-in-Suit and have also asserted a counterclaim of patent unenforceability of the '934, '935 and '765 patents due to alleged inequitable conduct.

### D. Major Legal And Factual Issues In The Case.

Plaintiff alleges that the defendants infringe the Patents-in-Suit, entitling the Plaintiff to damages. The defendants who have responded deny that they infringe the Patents-in-Suit and further allege that the Patents-in-Suit are invalid. The Logitech Defendants and NETGEAR have

also asserted a counterclaim of patent unenforceability of the '934, '935 and '765 patents due to alleged inequitable conduct. The major factual issues are claim construction, invalidity, infringement, unenforceability, damages, the prosecution of the Patents-in-Suit and Plaintiff's request for an injunction.

### E. Relief Sought By Plaintiff.

Plaintiff seeks injunctive relief precluding further acts of infringement under 35 U.S.C. § 283, monetary damages adequate to compensate for the infringement that has occurred under 35 U.S.C. § 284, and an award of its attorneys' fees under 35 U.S.C. § 285.

## II. PENDING MOTIONS AND CASE PLAN.

### A. Identify All Pending Motions.

There are no motions currently pending before the Court.

### B. Proposal For Discovery Plan.

Plaintiff will require discovery on the design, structure and operation of the accused products; the nature and scope of the activities accused of infringement including the manufacture, usage, marketing, offer for sale, sale, importation and exportation of the accused products; the unit, dollar volumes and profitability of accused products made, sold, imported and exported by or for the defendants; and the legal and factual bases for defenses and counterclaims alleged by the defendants.

Defendants will require discovery regarding the conception and reduction to practice of the alleged inventions of the Patents-in-Suit, prior art to the Patents-in-Suit, the business of Plaintiff, Plaintiff's claim for damages, the ownership of the Patents-in-Suit, Plaintiff's and its predecessor's attempts to market or sell the inventions claimed in the Patents-in-Suit, the manufacture, usage, marketing, offer for sale, sale, importation and exportation of products alleged to practice the inventions claimed in the Patents-in-Suit, the unit, dollar volumes and

profitability of such products, Plaintiff's request for a permanent injunction, the prosecution of the Patents-in-Suit (and foreign counterpart patents), Plaintiff's infringement contentions and the legal and factual bases for the Plaintiff's claims and defenses to the counterclaims of the defendants.

The parties suggest the following preliminary schedule for the case:

| Deadline | Event |
|---|---|
| October 17, 2008 | Parties to serve Rule 26 disclosures |
| September 18, 2009 | Parties to exchange preliminary claim chart of proposed terms for the Court to construe (Standing Order for patent claim Construction Proceedings) |
| 60 days after issuance of Claim Construction Order | Fact Discovery cut-off |
| 60 days after Fact discovery cut-off | Expert reports for issues on which a party has the burden of proof |
| 45 days after Opening Expert Reports | Rebuttal expert reports |
| 30 days after Rebuttal Expert Reports | Expert discovery cut-off |
| 30 days after Expert Discovery cut-off | Dispositive motions due |
| 30 days after Dispositive motions are decided | Joint pretrial order due |

In addition, the parties agree to modify the provisions of Federal Rule of Civil Procedure 30 to allow each party to take ten depositions (not including experts).

C. **Trial Issues.**

A jury trial has been requested by all parties. At present, the Plaintiff estimates that the probable length of trial will be 2 weeks. The Defendants estimate that the probable length of trial will be 3-4 weeks. The case will be ready for trial 30 days after the pretrial order is filed.

III. **CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE.**

The parties do not consent to proceed before a Magistrate Judge.

IV. **STATUS OF SETTLEMENT DISCUSSIONS.**

    A. **Indicate whether any settlement discussions have occurred.**

Plaintiff has had limited discussions regarding settlement with a number of defendants in this suit and in Civil Action No. 08CV3732 (N.D. Ill.).

    B. **Describe the status of any settlement discussions.**

Plaintiff has provided proposed terms of settlement to a number of defendants in this suit and in Civil Action No. 08CV3732 (N.D. Ill.). Plaintiff is waiting for substantive responses to its proposals.

    C. **Whether the parties request a settlement conference.**

The parties are willing to participate in a settlement conference with the Court to determine whether an early resolution is possible with any defendant.


Dated: August 22, 2008                          Respectfully submitted,


                                                     By: _s/ James T. Hultquist_
                                                        James T. Hultquist
                                                        REED SMITH LLP
                                                        10 South Wacker Drive
                                                        Chicago, IL 60606-7507
                                                        Telephone:   312.207.1000
                                                        Facsimile:   312.207.6400

                                                        *Counsel for NETGEAR, Inc., and D-Link Systems, Inc.*

Dated: August 22, 2008

By: *s/ Margaret M. Duncan*
Margaret M. Duncan
Jeffrey R. Gargano
Krista Vink Venegas
McDermott, Will & Emery LLP (Chicago)
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

Terrence P. McMahon
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, California 94304
Telephone: 650 813 5010
Facsimile: 650 813 5100

*Counsel for Logitech International, S.A., Logitech Inc.*

Dated: August 22, 2008

By: *s/ David Sheikh*
David Sheikh
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602
Telephone: 312.236.0733
Facsimile: 312.236.3137

*Counsel for EZ4Media*

## CERTIFICATE OF SERVICE

I, James T. Hultquist, state that on August 22, 2008, I electronically filed the foregoing **JOINT INITIAL STATUS REPORT** with the Clerk of the Court using the ECF system which will send notification of such filings to the following:

| | |
|---|---|
| Raymond P. Niro<br>Christopher J. Lee<br>David J. Sheikh<br>Richard B. Megley, Jr.<br>Lee F. Grossman<br>Niro, Scavone, Haller & Niro<br>181 West Madison Street, Suite 4600<br>Chicago, Illinois 60602 | Margaret M. Duncan<br>McDermott, Will & Emery LLP<br>227 West Monroe Street #4400<br>Chicago, Illinois 60606-5096 |

*s/ James T. Hultquist*

James T. Hultquist  (Bar No. 6204320)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone:    (312) 207-1000
Facsimile:     (312) 207-6400
jhultquist@reedsmith.com

*Attorney for Defendants NETGEAR, Inc.,
and D-Link Systems, Inc.*