IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZ4MEDIA, INC. | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 08 cv 3729 |
| LOGITECH INTERNATIONAL S.A., LOGITECH, INC., NETGEAR, INC., D-LINK CORPORATION, and D-LINK SYSTEMS, INC., | § § § § § | Judge St. Eve

Magistrate Judge Brown |
| Defendants. | § § § § | JURY TRIAL DEMANDED |

## DEFENDANT AND COUNTERCLAIMANT D-LINK SYSTEMS, INC'S AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF EZ4MEDIA, INC'S COMPLAINT

Defendant D-LINK SYSTEMS, INC. ("D-Link Systems") for itself alone and for no other defendant, hereby files this Amended Answer and Counterclaims to the Complaint of Plaintiff EZ4MEDIA, INC. ("EZ4Media") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. D-Link Systems admits that this is a patent infringement action. D-Link Systems denies the remaining allegations of paragraph 1 of the Complaint.

2. D-Link Systems admits on information and belief that EZ4Media is a corporation with its principal place of business located at 2275 Half Day Road, Suite 350, Bannockburn, Illinois. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and on that basis, denies each and every remaining allegation.

3. In response to paragraph 3 of the Complaint, D-Link Systems admits that U.S.

Patent Nos. 7,142,934 ("the '934 patent"), 7,142,935 ("the '935 patent"), 7,167,765 ("the '765 patent"), 7,130,616 ("the '616 patent"), and 7,107,605 ("the '605 patent") (the '934, '935, '765, '616 and '605 patents are referred to herein collectively as the "patents-in-suit"), purport to have issued on the dates alleged. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint, and therefore denies them.

    4.     In response to paragraph 4 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

    5.     In response to paragraph 5 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

    6.     In response to paragraph 7 [*sic*] of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

    7.     In response to paragraph 8 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

    8.     In response to paragraph 9 of the Complaint, D-Link Systems admits on information and belief that Defendant D-Link Corporation is a corporation organized under the laws of the Republic of China, often referred to as "Taiwan". D-Link Systems also admits on information and belief that Defendant D-Link Corporation has an office at 4F, No. 289, Sinhu 3rd Rd. Neihu District, Taipei City 114, Taiwan. D-Link Systems admits that it is a subsidiary of D-

Link Corporation. D-Link Systems further admits that it is located at 17595 Mount Herrmann, Fountain Valley, California 92708. D-Link Systems objects to and rejects being referred to "collectively" along with D-Link Corporation as "D-Link" and D-Link Systems, a corporation organized under the laws of the State of California, denies any implication in paragraph 9 that it is not a separate and distinct legal entity in its own right. D-Link Systems herein answers only for itself and for no other entity. D-Link Systems admits that it, D-Link Systems, sells electronic products throughout the United States, including in the Northern District of Illinois. D-Link Systems specifically denies the allegation in paragraph 9 that it has sold products that are covered by the claims of the patents-in-suit. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 9 of the Complaint, and therefore denies them.

9. D-Link Systems admits the allegations of paragraph 10 of the Complaint.

**PATENT INFRINGEMENT**

10. In response to paragraph 11 of the Complaint, D-Link Systems denies the allegations set forth therein.

11. In response to paragraph 12 of the Complaint, D-Link Systems denies the allegations set forth therein.

12. In response to paragraph 13 of the Complaint, D-Link Systems denies the allegations set forth therein.

13. In response to paragraph 14 of the Complaint, D-Link Systems denies the allegations set forth therein.

14. In response to paragraph 15 of the Complaint, D-Link Systems denies the allegations set forth therein.

15. In response to paragraph 16 of the Complaint, D-Link Systems denies the allegations set forth therein.

16. In response to paragraph 17 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

17. In response to paragraph 18 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

18. In response to paragraph 19 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

19. In response to paragraph 20 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

20. In response to paragraph 21 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

21. In response to paragraph 22 of the Complaint, D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

## **AFFIRMATIVE DEFENSES**

By way of further answer and affirmative defenses, D-Link Systems asserts as follows:

## I.  FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## II.  SECOND AFFIRMATIVE DEFENSE

D-Link Systems does not infringe, nor has it infringed, contributorily infringed or induced infringement any of the patents-in-suit, either by literal infringement or by infringement under the doctrine of equivalents.

## III.  THIRD AFFIRMATIVE DEFENSE

The asserted patents-in-suit and all claims under the patents-in-suit are invalid and/or unenforceable for failing to meet the requisite conditions for patentability or enforceability specified in Title 35 of the United States Code, §§ 101 *et seq.*, including without limitation 35 USC §§ 101, 102, 103 and 112.

## IV.  FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief against D-Link Systems by the doctrines of estoppel, laches, waiver, unclean hands, and/or other applicable equitable doctrines or defenses.

## V.  FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under any applicable statutes of limitations or other limitations on damages, including without limitation any acts which occurred more than six years before the filing of Plaintiff's complaint under 35 U.S.C. § 286.

## VI.  SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred or limited by the on-sale doctrine and/or patent exhaustion.

## VII.  SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mark or to meet the requirements of 35 USC § 287.

## VIII. EIGHTHTH AFFIRMATIVE DEFENSE

Plaintiff's enforcement of the asserted patent constitutes patent misuse.

## IX. NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the reverse doctrine of equivalents.

## X. TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the asserted patents.

## XI. ELEVENTH AFFIRMATIVE DEFENSE

For the reasons stated in paragraphs 14-18 below, the '934, '935 and '765 patents are unenforceable due to EZ4Media's inequitable conduct in obtaining these patents.

D-Link Systems reserves its rights to amend its Answer based on subsequently acquired information.

## **PRAYER FOR RELIEF**

WHEREFORE, D-Link Systems requests that this Court enter a judgment in its favor and against EZ4Media as follows:

A. Dismissing Plaintiff EZ4Media's Complaint with prejudice in its entirety and denying all relief requested therein;

B. Entering judgment in favor of D-Link Systems and adjudging that EZ4Media take nothing;

C. Declaring that this case is exceptional and awarding D-Link Systems its costs, expenses and reasonable attorney's fees; and

D. Granting such further relief to D-Link Systems as is just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant D-Link Systems hereby requests trial by jury.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant D-Link Systems, for its Counterclaim to the Complaint of Plaintiff EZ4Media, alleges as follows:

### PARTIES

1. D-Link Systems is a California corporation with its principal place of business in California.

2. D-Link Systems is informed and believes and thereon alleges that EZ4Media is a corporation with its principal place of business located at 2275 Half Day Road, Suite 350, Bannockburn, Illinois.

### JURISDICTION

3. D-Link Systems' counterclaims arise under the patent laws of the United States, Title 35 of the United States Patent Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code. The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1367(a), 1338(a), 2201 and 2202.

### VENUE

4. Venue in this district is proper under the provisions of 28 U.S.C. Sections 1391(b) and 1400(b).

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the Patents-In-Suit)**

5. D-Link Systems repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

6. EZ4Media has alleged that it is the owner of United States Patent Nos. 7,142,934 ("the '934 patent"), 7,142,935 ("the '935 patent"), 7,167,765 ("the '765 patent"), 7,130,616 ("the

'616 patent"), and 7,107,605 ("the '605 patent") (the '934, '935, '765, '616 and '605 patents are referred to herein collectively as the "patents-in-suit") and that D-Link Systems has infringed and is infringing one or more claims of the patents-in-suit.

7. D-Link Systems has not infringed and is not now infringing, either directly, contributorily, or through inducement, any asserted claims of the patents-in-suit.

8. As a result of EZ4Media's actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the alleged infringement by D-Link Systems of any asserted claims of the patents-in-suit.

9. D-Link Systems is entitled to a declaration that it has not infringed and does not infringe any asserted claims of the patents-in-suit asserted by EZ4Media in this action.

WHEREFORE, D-Link Systems prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the Patents-In-Suit)

10. D-Link Systems repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

11. D-Link Systems is informed and believes and thereon alleges that any and all claims of the patents-in-suit asserted by EZ4Media in this action are invalid and unenforceable because the alleged inventions claimed in the patents-in-suit fail to satisfy requirements of the patent statutes set forth in Title 35 of the United States Code, including Sections 101, 102, 103 and/or 112.

12. As a result of EZ4Media's actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the validity of the asserted claims of the patents-in-suit.

13. D-Link Systems is entitled to a declaration that any and all claims of the patents-in-suit asserted by EZ4Media in this action are invalid.

WHEREFORE, D-Link Systems prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment Of Unenforceability Of U.S. Patent Nos. 7,142,934, 7,142,935 And 7,167,765 Due To Inequitable Conduct During Prosecution)

14. D-Link Systems repeats and realleges the allegations of paragraphs 1 through 13 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

15. Upon information and belief, the claims of the '934, '935 and '765 patents are unenforceable due to inequitable conduct in the procurement of those patents from the United States Patent and Trademark Office ("PTO"). Upon information and belief, one or more persons substantively involved in the prosecution of the applications leading to the '934, '935 and '765 patents were aware of information material to patentability of the claims of the '934, '935 and '765 patents, but withheld or failed to submit such information in accordance with 37 C.F.R. §§ 1.97 and 1.98 with an intent to deceive to PTO in violation of the duty of disclosure set forth in 37 C.F.R. §1.56.

16. The withheld information includes International Patent Application No. PCT/US00/29502, which was published as International Publication No. WO 01/47192 ("the '192 WIPO Publication") and is entitled "A Dedicated Digital-to-Analog Network Audio Bridging Method and System." The '192 WIPO Publication was published on June 28, 2001, and constitutes information material to the patentability of the claims of the '934, '935 and '765 patents. Attorney Michael Mallie is listed as the Agent on the face of the '192 WIPO Publication.

17. During the prosecution of the application leading to the '934 patent, one or more of the persons substantively involved in its prosecution (including Mr. Mallie) were aware of the '192 WIPO Publication. Mr. Mallie was substantively involved in the prosecution of the application that resulted in the '934 patent, including signing and submitting an Information Disclosure Statement (dated December 20, 2002) and a response to an office action (dated June 21, 2005). Nonetheless, those substantively involved in the prosecution of the application leading to the '934 patent, including Mr. Mallie, intentionally failed to disclose the '192 WIPO

Publication to the PTO during the prosecution of the '934 patent with an intent to deceive the PTO. This withholding of information material to patentability with an intent to deceive the PTO is in violation of the uncompromising duty of candor under 37 C.F.R. § 1.56 and constitutes inequitable conduct.

18.  Procurement of the '934 patent by inequitable conduct also renders the '935 and '765 patents unenforceable. The applications leading to the '935 and '765 patents are related substantively and by claim of priority to the application that resulted in the '934 patent. Specifically, the '935 and '765 patents issued from continuation applications, claiming priority from the application that led to the '934 patent. Further, the '934, '935 and '765 patents all claim priority from provisional patent application no. 60/230,253. During prosecution of the applications leading to the '935 and '765 patents, the PTO issued an obviousness-type double patenting rejection based on the application that led to the '934 patent, finding "although the conflicting claims are not identical, they are not patentably distinct from each other...." Accordingly, the inequitable conduct committed during prosecution of the application leading to the '934 patent renders the related '935 and '765 patents unenforceable.

WHEREFORE, D-Link Systems prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, D-Link Systems requests that this Court enter a judgment in its favor and against EZ4Media as follows:

A.  Dismissing Plaintiff EZ4Media's Complaint with prejudice in its entirety and denying all relief requested therein;

B.  Entering judgment in favor of D-Link Systems and adjudging that EZ4Media take nothing;

C.  Declaring that D-Link Systems has not infringed and does not infringe, either directly, indirectly, contributorily, or through inducement, any of the claims of the

   patents-in-suit asserted by EZ4Media in this action.

D. Declaring that the patents-in-suit are invalid, void and/or unenforceable;

E. Declaring that this case is exceptional and awarding D-Link Systems its costs, expenses and reasonable attorney's fees; and

F. Granting such further relief to D-Link Systems as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counter-claimant D-Link Systems hereby requests trial by jury.


Dated: August 28, 2008      Respectfully submitted,


            By: /s/James T. Hultquist
              James T. Hultquist
              REED SMITH LLP
              10 South Wacker Drive
              Chicago, IL  60606-7507
              Telephone: 312 207 1000
              Facsimile: 312 207 6400

              *Counsel for D-Link Systems, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, James T. Hultquist, an attorney, hereby certifies that a copy of the foregoing **DEFENDANT AND COUNTERCLAIMANT D-LINK SYSTEMS, INC'S AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF EZ4MEDIA, INC'S COMPLAINT** was served via electronic mail sent from the court's ECF filing system on August 28, 2008 upon counsel of record.

By: /s/ James T. Hultquist