IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZ4MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INTERNATIONAL S.A., LOGITECH, INC., NETGEAR INC., D-LINK CORPORATION, and D-LINK SYSTEMS, INC.<br><br>Defendants. | CASE NO.: 08CV3729<br><br>Honorable Judge St. Eve<br>Magistrate Judge Brown<br><br>JURY TRIAL DEMANDED |

**EZ4 MEDIA, INC.'S REPLY TO THE COUNTERCLAIMS OF**
**LOGITECH INTERNATIONAL S.A. AND LOGITECH INC.**

EZ4Media, Inc. ("EZ4Media") responds to the Counterclaims of Logitech International S.A., and Logitech Inc. ("Logitech") as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement, unenforceability and invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

**RESPONSE:**

Admitted.

**THE PARTIES**

2. Logitech International S.A. is a corporation organized and existing under the laws of Switzerland, with a principal place of business located at Moulin de Choc D, 1122 Romanel-sur Morges, Switzerland. Logitech Inc. is a subsidiary of Logitech International S.A., and is a corporation organized under the laws of California, with a principal place of business located at 6505 Kaiser Drive, Fremont, CA 94555.

**RESPONSE:**

EZ4Media admits that Logitech International S.A. is a Swiss corporation, with a principal place of business located at Moulin de Choc D, 1122 Romanel-sur Morges, Switzerland.

EZ4Media admits that Logitech, Inc. is a subsidiary of Logitech International S.A., , with a principal place of business located at 6505 Kaiser Drive, Fremont, CA 94555. EZ4Media denies the remaining allegations in this paragraph.

3. Upon information and belief EZ4Media is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois.

**RESPONSE:**

EZ4Media admits that EZ4Media is a Nevada corporation, with a principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois. EZ4Media denies the remaining allegations in this paragraph.

4. This Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**RESPONSE:**

EZ4Media admits that this Court has subject matter jurisdiction with respect to infringement, but denies the remaining allegations in this paragraph..

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**RESPONSE:**

Admitted.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE EZ4MEDIA PATENTS**

6. The allegations of paragraphs 1-5 of this Counterclaim are incorporated by reference as though set forth in full herein.

**RESPONSE:**

EZ4Media incorporates by reference its responses to the allegations of paragraphs 1-5 as though set forth in full herein. EZ4Media denies the remaining allegations in this paragraph.

7. On June 30, 2008, EZ4Media filed its Original Complaint ("Complaint") in this Court, charging Logitech with infringement of U.S. Patent No. 7,142,934, 7,142,935, 7,167,765 and 7,130,616 (collectively, the "EZ4Media patents").

**RESPONSE:**

Admitted.

8. The charges of infringement in the Complaint have created an actual and justiciable controversy between Logitech and EZ4Media concerning whether Logitech infringes any valid and enforceable claim of any of the EZ4Media patents.

**RESPONSE:**

EZ4Media admits that an actual and justiciable controversy exists between EZ4Media and Logitech. EZ4Media denies the remaining allegations in this paragraph.

9. Logitech does not infringe any of the EZ4Media patents.

**RESPONSE:**

Denied.

10. Accordingly, Logitech is entitled to a declaratory judgment that it does not infringe the EZ4Media patents.

**RESPONSE:**

Denied.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF THE EZ4MEDIA PATENTS**

11. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-10 as though fully set forth herein.

**RESPONSE:**

EZ4Media incorporates by reference its responses to the allegations of paragraphs 1-10 as though set forth in full herein. Moreover, EZ4Media asserts that Logitech is a Counter-Plaintiff, not Plaintiff. EZ4Media denies the remaining allegations in this paragraph.

12. One or more claims of the EZ4Media patents are invalid because they fail to meet the patentability requirements of Title 35, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

13. Accordingly, Logitech is entitled to a declaratory judgment that the asserted claims of the EZ4Media patents are invalid.

**RESPONSE:**

Denied.

**COUNT III**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NOS. 7,142,934, 7,142,935 and 7,167,765 DUE TO INEQUITABLE CONDUCT DURING PROSECUTION**

14. Plaintiff repeats and realleges the allegations of paragraphs 1 through 13 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

**RESPONSE:**

EZ4Media incorporates by reference its responses to the allegations of paragraphs 1-13 as though set forth in full herein. Moreover, EZ4Media asserts that Logitech is a Counter-Plaintiff, not Plaintiff. EZ4Media denies the remaining allegations in this paragraph.

15. Upon information and belief, the claims of the ‘934, ‘935 and ‘765 patents are unenforceable due to inequitable conduct in the procurement of those patents from the United States Patent and Trademark Office (“PTO”). Upon information and belief, one or more persons substantively involved in the prosecution of the applications leading up to the ‘934, ‘935 and ‘765 patents were aware of information material to patentability of the claims of the’934, ‘935 and ‘765 patents, but withheld or failed to submit such information in accordance with 37 C.F.R. §§ 1.97 and 1.98 with an intent to deceive the PTO in violation of the duty of disclosure set forth in 37 C.F.R. § 1.56.

**RESPONSE:**

Denied.

16. The withheld information includes International Patent Application No. PCT/US00/29502, which was published as International Publication No. WO01/47192 ("the '192 WIPO Publication") and is entitled "A Dedicated Digital-to-Analog Network Audio Bridging Method and System.") The '192 WIPO Publication was published on June 28, 2001, and constitutes information material to the patentability of the claims of the '934, '935 and '765 patents. Attorney Michael Mallie is listed as the Agent on the face of the '192 WIPO Publication.

**RESPONSE:**

EZ4 Media admits that the '192 WIPO Publication was published on June 28, 2001, is entitled "A Dedicated Digital-to-Analog Network Audio Bridging Method and System," and that Attorney Michael Mallie is listed as the Agent on the '192 WIPO Publication. EZ4Media denies the remaining allegations in this paragraph.

17. During the prosecution of the application leading to the '934 patent, one or more of the persons substantively involved in its prosecution (including Mr. Mallie) were aware of the '192 WIPO Publication. Mr. Mallie was substantively involved in the prosecution of the application that resulted in the '934 patent, including signing and submitting an Information Disclosure Statement (dated December 20, 2002) and a response to an office action (dated June 21, 2005). Nonetheless, those substantively involved in the prosecution of the application leading to the '934 patent, including Mr. Mallie, intentionally failed to disclose the '192 WIPO Publication to the PTO during the prosecution of the '934 patent with an intent to deceive the PTO. This withholding of information material to patentability with an intent to deceive the PTO is in violation of the uncompromising duty of candor under 37 C.F.R. § 1.56 and constitutes inequitable conduct.

**RESPONSE:**

EZ4Media admits that Mr. Mallie was involved in the prosecution of the application that resulted in the '934 patent, including signing and submitting an Information Disclosure Statement (dated December 20, 2002) and a response to an office action (dates June 21, 2005). EZ4Media denies the remaining allegations in this paragraph.

18. Procurement of the '934 patent by inequitable conduct also renders the '935 and '765 patents unenforceable. The applications leading to the '935 and '765 patents are related substantively and by claim of priority to the application that resulted in the '934 patent. Specifically, the '935 and '765 patents issued from continuation applications, claiming priority from the application that led to the '934 patents. Further, the '934, '935 and '765 patents all

claim priority from provisional patent application no. 60/230, 253. During prosecution of the applications leading to the ‘935 and ‘765 patents, the PTO issued an obviousness-type double patenting rejection based on the application that led to the ‘934 patent, finding “although the conflicting claims are not identical, they are not patentably distinct from each other….” Accordingly, the inequitable conduct committed during prosecution of the application leading to the ‘934 patent renders the related ‘935 and ‘765 patents unenforceable.

**RESPONSE:**

EZ4Media admits that the applications leading to the ‘935 and ‘765 claim priority to the application that resulted in the ‘934 patent and that the 934, ‘935 and ‘765 patents all claim priority from provisional patent application no. 60/230, 253. EZ4Media denies the remaining allegations in this paragraph.

19. Further, during prosecution of the applications leading to the ‘934, ‘935 and ‘765 patents, one or more persons substantively involved in their prosecution (including Mr. Mallie and the inventor Mr. Janik) became aware of certain material prior art that was cited in a foreign counterpart patent application to the ‘934 patent, International Application No. PCT/US01/42020 (“the ‘020 International Application”). The ‘020 International Application identifies Mr. Janik as the inventor and lists Mr. Mallie as the Agent. A Search Report in the ‘020 International Application was mailed to the Applicant on November 25, 2002, and listed the following references: WO 99 18506, WO 00 49731, EP 0 992 921, EP 0 909 112, WO 00 23899 and WO 01 31806. The Search Report categorized WO 99 18506, WO 0023899 and WO 01 31806 as “X” references (i.e., “document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone”) and categorized WO 00 49731, EP 0 992 921 and EP 0 909 112 as “Y” references (i.e., “document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.”).

**RESPONSE:**

Denied.

20. Upon information and belief, during prosecution of the application leading to the ‘934 patent, Mr. Mallie submitted an Information Disclosure Statement and copies of the references identified cited in paragraph 19 to the PTO. Upon information and belief, the PTO did not consider the material prior art identified in paragraph 19 during the prosecution of the application leading to the ‘934 patent. Further confirmation that the PTO did not consider the material information identified in paragraph 19 is the fact that the prosecution history of the ‘934 patent does not contain any Examiner acknowledgement of the references identified in paragraph 19, nor does the issued ‘934 patent. Upon information and belief, by failing to properly disclose

this material prior art during the prosecution of the ‘934 patent, one or more of the person substantively involved in the prosecution of the ‘934 patent, including Mr. Mallie, failed to fulfill their uncompromising duty of candor and good faith under 37 C.F.R. § 1.56. As a result, the ‘934 patent is unenforceable.

**RESPONSE:**

EZ4Media admits that during the prosecution of the application leading to the ‘934 patent, Mr. Mallie submitted an Information Disclosure Statement and copies of the reference cited in paragraph 19 to the PTO. EZ4Media denies the remaining allegations in this paragraph.

21. Notwithstanding the fact that the material prior art identified in paragraph 19 was not considered by the PTO during prosecution of the ‘934 patent, one or more persons that were aware of this material prior art and were substantively involved in the prosecution of the applications leading to the ‘935 and ‘765 patents (including at least Mr. Janik) intentionally failed to disclose this material information at any time during the prosecution of the ‘935 and ‘765 patents with an intent to deceive the PTO. This withholding of information material to the patentability with an intent to deceive the PTO constitutes inequitable conduct and renders the ‘935 and ‘765 patents unenforceable.

**RESPONSE:**

Denied.

Respectfully submitted,

*/s/ David J. Sheikh*

Raymond P. Niro
Dean D. Niro
Christopher J. Lee
David J. Sheikh
Richard B. Megley, Jr.
Lee F. Grossman
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax: (312) 236-3137

Attorneys for EZ4Media, Inc.

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **EZ4 MEDIA, INC.'S REPLY TO THE COUNTERCLAIMS OF LOGITECH INTERNATIONAL S.A. AND LOGITECH INC.** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

Margaret M. Duncan (mduncan@mwe.com)
Jeffrey R. Gargano (jgargano@mwe.com)
Krista Vink Venegas (kvinkvenegas@mwe.com)
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, Illinois 60606
Phone: (312) 984-6476
Fax: (312) 984-7700

Terrence P. McMahon (tmcmahon@mwe.com)
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
Phone: (650) 813-5000
Fax: (605) 813-5100

**Counsel for Logitech International S.A. and Logitech, Inc.**

John P. Bovich (JBovich@ReedSmith.com)
Reed Smith LLP
Two Embarcadero Center
San Francisco, CA 94111
Phone: (415) 659-5926
Fax: (415) 391-8269

James T. Hultquist (jhultquist@reedsmith.com)
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Phone: (312) 207-6494
Fax: (312) 207-6400

**Counsel for Netgear Inc. and D-Link Systems, Inc.**

on this 9th day of September, 2008.

*/s/David J. Sheikh*