IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZ4MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INTERNATIONAL S.A., LOGITECH, INC., NETGEAR INC., D-LINK CORPORATION, and D-LINK SYSTEMS, INC.<br><br>Defendants. | CASE NO.: 08CV3729<br><br>Honorable Judge St. Eve<br>Magistrate Judge Brown<br><br>JURY TRIAL DEMANDED |

**EZ4 MEDIA, INC.'S REPLY TO THE**
**AMENDED COUNTERCLAIMS OF D-LINK SYSTEMS, INC.**

EZ4Media, Inc. ("EZ4Media") responds to the Counterclaims of D-Link Systems, Inc. ("D-Link Systems") as follows:

**PARTIES**

1. D-Link Systems is a California corporation with its principal place of business in California.

**RESPONSE:**

EZ4Media admits that D-Link Systems' principal place of business is in California. EZ4Media lacks knowledge or information sufficient to form a belief regarding the remaining allegations, and thus denies the same.

2. D-Link Systems is informed and believes and thereon alleges that EZ4Media is a corporation with its principal place of business located at 2275 Half Day Road, Suite 350 Bannockburn, Illinois.

**RESPONSE:**

Admitted.

## JURISDICTION

3. D-Link Systems' counterclaims arise under the patent laws of the United States Title 35 of the United States Patent Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code. The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1367(a), 1338(a), 2201 and 2202.

**RESPONSE:**

EZ4Media admits that an actual controversy exists and this Court has subject matter jurisdiction with respect to infringement. EZ4Media denies the remaining allegations in this paragraph.

## VENUE

4. Venue in this district is proper under the provisions of 28 U.S.C. Sections 1391(b) and 1400(b).

**RESPONSE:**

EZ4Media admits that venue is proper under the provision of 28 U.S.C. Section 1400(b), but denies the remaining allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
## (Declaratory Judgment of Non-Infringement of the Patents-In-Suit)

5. D-Link Systems repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

**RESPONSE:**

EZ4Media repeats and realleges its responses in the foregoing paragraphs as though fully set forth herein.

6. EZ4Media has alleged that it is the owner of United States Patent Nos. 7,142,934 the '934 patent"), 7,142,935 ("the '935 patent'), 7,167,765 ("the '765 patent"), 7,130,616 ("the '616 patent"), and 7,107,605 ("the '605 patent") (the '934, '935, '765, '616 and '605 patents are referred to herein collectively as the "patents-in-suit") and that D-Link Systems has infringed and is infringing one or more claims of the patents-in-suit.

**RESPONSE:**

Admitted.

7. D-Link Systems has not infringed and is not now infringing, either directly, contributorily, or through inducement, any asserted claims of the patents-in-suit.

**RESPONSE:**

Denied.

8. As a result of EZ4Media's actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the alleged infringement by D-Link Systems of any asserted claims of the patents-in-suit.

**RESPONSE:**

Admitted.

9. D-Link Systems is entitled to a declaration that it has not infringed and does not infringe any asserted claims of the patents-in-suit asserted by EZ4Media in this action.

**RESPONSE:**

Denied.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the Patents-In-Suit)**

10. D-Link Systems repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

**RESPONSE:**

EZ4Media repeats and realleges its responses to the foregoing paragraphs as though fully set forth herein.

11. D-Link Systems is informed and believes and thereon alleges that any and all claims of the patents-in-suit asserted by EZ4Media in this action are invalid and unenforceable because the alleged inventions claimed in the patents-in-suit fail to satisfy requirements of the patent statutes set forth in Title 35 of the United States Code, including Sections 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

12. As a result of EZ4Media's actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the validity of the asserted claims of the patents-in-suit.

**RESPONSE:**

Denied.

13. D-Link Systems is entitled to a declaration that any and all claims of the patents-in-suit asserted by EZ4Media in this action are invalid.

**RESPONSE:**

Denied.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Judgment of Unenforceability Of U.S. Patent No. 7,142,934, 7,142,935 and 7,167,765 Due To Inequitable Conduct During Prosecution)**

14. D-Link Systems repeats and realleges the allegations of paragraphs 1 through 13 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

**RESPONSE:**

EZ4 Media repeats and realleges its responses to the allegations of paragraphs 1 through 13 as of fully set forth herein and incorporates them herein by reference.

15. Upon information and belief, the claims of the '934, '935 and '765 patents are unenforceable due to inequitable conduct in the procurement of those patents from the United States Patent and Trademark Office ("PTO"). Upon information and belief, one or more persons substantively involved in the prosecution of the applications leading to the '934, '935 and '765 patents were aware of information material to patentability of the claims of the '934, '935 and '765 patents, but withheld or failed to submit such information in accordance with 37 C.F.R. §§1.97 and 1.98 with an intent to deceive to PTO in violation of the duty of disclosure set forth in 37 C.F.R. § 1.56.

**RESPONSE:**

Denied.

16. The withheld information includes International Patent Application No. PCT/US00/29502, which was published as International Publication No. WO 01/47192 ("the '192 WIPO Publication") and is entitled "A Dedicated Digital-to-Analog Network Audio Bridging Method and System." The '192 WIPO Publication was published on June 28, 2001, and constitutes information material to the patentability of the claims of the '934, '935 and '765 patents. Attorney Michael Mallie is listed as the Agent of the face of the '192 WIPO Publication.

**RESPONSE:**

EZ4 Media admits that the '192 WIPO Publication was published on June 28, 2001 and Michael Mallie is listed as the Agent on the '192 WIPO Publication. EZ4Media denies the remaining allegations in this paragraph.

17. During the prosecution of the application leading to the '934 patent, one or more of the persons substantively involved in its prosecution (including Mr. Mallie) were aware of the '192 WIPO Publication. Mr. Mallie was substantively involved in the prosecution of the application that resulted in the '934 patent, including signing and submitting an Information Disclosure Statement (dated December 20, 2002) and a response to an office action (dated June 21, 2005). Nonetheless, those substantively involved in the prosecution of the application leading to the '934 patent, including Mr. Mallie, intentionally failed to disclose the '192 WIPO Publication to the PTO during the prosecution of the '934 patent with an intent to deceive the PTO. This withholding of information material to patentability with an intent to deceive the PTO is in violation of the uncompromising duty of candor under 37 C.F.R. § 1.56 and constitutes inequitable conduct.

**RESPONSE:**

Denied.

18. Procurement of the '934 patent by inequitable conduct also renders the '935 and '765 patents unenforceable. The applications leading to the '935 and '765 patents are related substantively and by claim of priority to the application that resulted in the '934 patent. Specifically, the '935 and '765 patents issued from continuation applications, claiming priority from the application that led to the '934 patent. Further, the '934, '935 and '765 patents all claim priority from provisional patent application no. 60/230,253. During prosecution of the applications leading to the '935 and '765 patents, the PTO issued an obviousness-type double patenting rejection based on the application that led to the '934 patent, finding "although the conflicting claims are not identical, they are not patentably distinct from each other…" Accordingly, the inequitable conduct committed during prosecution of the application leading to the '934 patent renders the related '935 and '765 patents unenforceable.

**RESPONSE:**

Denied.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff, EZ4Media prays that D-Link Systems be denied all the relief requested in its Counterclaims and that Plaintiff receives all the relief requested in its Complaint.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues presented that can properly be tried by a jury.

September 12, 2008

Respectfully submitted,

*/s/ Lee F. Grossman*

Raymond P. Niro
Dean D. Niro
Christopher J. Lee
David J. Sheikh
Richard B. Megley, Jr.
Lee F. Grossman
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax: (312) 236-3137

Attorneys for EZ4Media, Inc.

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **EZ4 MEDIA, INC.'S REPLY TO THE AMENDED COUNTERCLAIMS OF D-LINK SYSTEMS, INC.** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

Margaret M. Duncan (mduncan@mwe.com)
Jeffrey R. Gargano (jgargano@mwe.com)
Krista Vink Venegas (kvinkvenegas@mwe.com)
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, Illinois 60606
Phone: (312) 984-6476
Fax: (312) 984-7700

Terrence P. McMahon (tmcmahon@mwe.com)
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
Phone: (650) 813-5000
Fax: (605) 813-5100

**Counsel for Logitech International S.A. and Logitech, Inc.**

John P. Bovich (jbovich@reedsmith.com)
Reed Smith LLP
Two Embarcadero Center
San Francisco, CA 94111
Phone: (415) 659-5926
Fax: (415) 391-8269

James T. Hultquist (jhultquist@reedsmith.com)
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Phone: (312) 207-6494
Fax: (312) 207-6400

**Counsel for Netgear Inc. and D-Link Systems, Inc.**

on this 12th day of September, 2008.

*_/s/ Lee F. Grossman_*